STRAFFORD, SEPTEMBER TERM, 1822.

### PARKER PLUMER *vs.* AMOS A. BREWSTER.

A deputy sheriff, who has arrested a person upon mesne process, may, in this state, become the bail of such person.

THIS was an action upon the case for an escape, against the defendant, sheriff of the county of Grafton, and was submitted to the decision of the court, upon a case stated in substance as follows :

The plaintiff having sued out a writ against one *B. Hoit*, delivered the same to *J. Sinclair*, a deputy of the defend- ant ; and *Sinclair*, having arrested *Hoit*, became his bail, and suffered him to go at large.

*Emerson*, for the plaintiff.

*Quincy* and *L. B. Walker*, for the defendant.

RICHARDSON, C. J. The question submitted to our decision in this case is, whether a deputy sheriff, who has arrested a person upon mesne process, may lawfully become the bail of the person so arrested ?

In England, it is a rule both of the king's bench and the common pleas, that no sheriff's officer be permitted to be bail. 1 *Tidd's Prac.* 230.—2 *Bos. & Pull.* 150, *Faulkner vs. Wise.*—*Doug.* 466, *Hawkins vs. Magnall.*—2 *Str.* 889.—2 *W. Black.* 799, 1180. There is also a similar rule there with respect to attorneys. 1 *Tidd's Prac.* 230.—1 *Bos. & Pull.* 356.—2 *ditto* 49, 564.—2 *East* 181.—2 *Hen. Bl.* 350. —1 *ditto* 76.—*Cowp.* 828.

But in England, if an improper person become bail, the proceeding, although irregular, cannot be treated as a nullity. 2 *East* 181, *The King vs. the Sheriff of Surry.*—1 *Tidd's Prac.* 231.

In this state, we have no rule prohibiting deputy sheriffs from becoming bail ; and we are of opinion, that this action cannot be supported.

*Judgment for the defendant.*